STATE OF VERMONT
ENVIRONMENTAL COURT

In Re Smith Building Permit            {            Docket No. 208-12-10 Vtec

## Decision on Multiple Motions

William and Rosemary Smith ("Applicants") appeal the Town of Concord Zoning Board of Adjustment's ("the ZBA") decision denying a permit to build a 30-foot by 50-foot garage on property they own in the Town of Concord and simultaneously denying a conditional use permit. The ZBA's denial followed an appeal by an adjoining landowner, Deborah Noble, of the Zoning Administrator's ("the ZA") determination granting the building permit. Currently pending before this Court are Applicants' motion for summary judgment;[1] the Town's cross-motion for partial summary judgment; Applicants' motion in limine;[2] and Applicants' request that the Court grant the permit and award costs to Applicants. We address each of these motions in this Decision.

In this proceeding, Applicants represent themselves; the Town is represented by Thomas R. Paul, Esq. Deborah Noble, although a party in the appeal from the ZA's determination, is not a party in the pending appeal before this Court.

## Factual Background

For the sole purpose of putting the pending motions into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1. In 2008, the ZA issued a building permit ("the 2008 permit") authorizing Applicants to construct a 30-foot by 50-foot garage on Applicants' property at 148 Shadow Lake Road in the Town of Concord, Vermont. The garage was to be located in a federally-designated special flood hazard area.

2. The Town asserts that Applicants did not "complete" the construction of their garage within one year of the date the 2008 permit was issued. Applicants contend that their garage

---

[1] Applicants' motion was originally titled "Motion to Grant Petitioners [sic] Appeal of Town of Concord Zoning Board Decision." In a Scheduling Order dated August 3, 2011, this Court elected to treat Applicants' motion as a motion for summary judgment.

[2] Applicants' motion was originally titled "Motion to Exclude Provision of BFE." However, because they request a pretrial order preventing the Town from requiring evidence of the base flood elevation, we will treat it as a motion in limine.

"was all but completed" by the time of Ms. Noble's appeal to the ZBA. We therefore understand that, by this representation, Applicants admit that they had not completed all work authorized by the 2008 permit within one year of its issuance.

3. The ZA sent Applicants a letter informing them that because the garage had not been completed, the 2008 permit would expire on April 21, 2009, and that a new building permit would then be required to complete the garage.

4. On April 21, 2009, the 2008 permit expired.

5. In 2009, Applicants sought a second building permit ("the 2009 permit") to complete the garage.

6. The ZA granted the 2009 permit, and an adjoining property owner, Deborah Noble, appealed that decision to the ZBA.

7. In a decision issued on October 13, 2010, the ZBA determined that, because Applicants' proposed development was located in a federally-designated special flood hazard area, they would need a conditional use permit in addition to the building permit they had sought from the ZA. The ZBA ultimately denied both permits after finding that Applicants had not provided sufficient evidence to show that their proposed development complies with Article III, Section 11.5.g of the Town of Concord Zoning Bylaws ("the Regulations"), a provision which requires the lowest floor of any new building to be at or above the base flood elevation.

8. Applicants thereafter filed a timely notice of appeal of the ZBA's decision with this Court.

## Discussion

Applicants appeal a decision of the ZBA denying them a building permit and a conditional use permit to build a 30-foot by 50-foot garage on property they own in the Town of Concord ("the Town"). The ZBA's denial followed an appeal by adjoining landowner Deborah Noble of the ZA's determination granting Applicants a building permit. Four motions are currently pending before the Court: Applicants' motion for summary judgment, the Town's cross-motion for partial summary judgment, Applicants' motion in limine, and Applicants' request that the Court grant the permit and award costs to Applicants. The adjoining landowner, Ms. Noble, is not a party in this appeal. Because the issues in each of these motions overlap, we address all four motions together.

2

In their motion for summary judgment, Applicants ask that the Court grant judgment in their favor by reaching the following four conclusions as a matter of law: (1) that Applicants should not have been required to reapply for a second building permit; (2) that a 2008 Vermont Agency of Natural Resources ("ANR") letter allegedly indicating that Applicants had met or exceeded the applicable permit requirements should have resulted in the granting of a building permit; (3) that Ms. Noble failed to timely pay her appellate filing fee; and (4) that Applicants are not required to provide evidence of the base flood elevation and the lowest floor elevation of their proposed garage. In its cross-motion for partial summary judgment, the Town argues that Ms. Noble timely appealed to the ZBA and that Applicants must submit evidence to this Court indicating that the elevation of the lowest floor of the proposed garage is above the base flood elevation. In their motion in limine, Applicants ask that the Court not require them to provide the base flood elevation and the lowest floor elevation. Finally, Applicants have also submitted a request that the Court grant their permit application and direct the Town to reimburse them for their costs associated with this litigation.

## I.      Summary Judgment Standard

A court may only grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3); see also V.R.E.C.P. 5(a)(2). In considering the parties' cross-motions for summary judgment, we give each party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, 2009 VT 59, ¶ 5, 186 Vt. 332 (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990)). We "accept as true the [factual] allegations made in opposition to [each] motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. With these standards in mind, we review the parties' respective requests for pre-trial judgment.

## II.      Provision of the Base Flood Elevation

The Regulations permit applicants to develop property in a special flood hazard area, but only if they receive a conditional use permit from the ZBA. Regulations, Art. III, § 11.2.a. Before granting such approval, the ZBA must determine, among other things, that the proposed development meets or exceeds the development standards listed in Article III, Section 11.5 of the Regulations. Regulations, Art. III, § 11.4.c. One such development standard, and the

standard at issue here, requires that the lowest floor of any new building be at or above the base flood elevation. Regulations, Art. III, § 11.5.g.

In both their motion for summary judgment and their motion in limine, Applicants contend that they should not have been required to provide evidence of the base flood elevation and the elevation of the proposed garage floor in order to obtain a conditional use permit under the Regulations. In its cross-motion, the Town asks that this Court require Applicants to submit evidence that the lowest floor elevation of the proposed garage is at or above the base flood elevation.

Since filing their motions, Applicants have provided the Court with a Federal Emergency Management Agency ("FEMA") representation showing what we understand to be both the base flood elevation (866.7 feet) as well as the lowest elevation of their property (872.1 feet). We interpret these materials to indicate that the lowest floor elevation of the garage will be higher than the base flood elevation, as required by Article III, Section 11.5.g of the Regulations.

Accordingly, both Applicants' summary judgment requests on this issue, as well as their motion in limine, are **MOOT**. The Town's request in its cross-motion for summary judgment on this issue is also **MOOT**, as Applicants have already provided evidence of the lowest floor elevation and the base flood elevation.

While Applicants' motion for summary judgment requests only that they not be required to submit evidence of the base flood elevation and the lowest elevation of their proposed garage floor, it appears that they are essentially asking the Court to determine as a matter of law that they have met the requirements of Article III, Section 11.5.g. No evidence has been presented to contradict what the FEMA report purports to represent, although the Court is not completely certain that it has properly interpreted the report, particularly as it relates to the required standards of Article III, Section 11.5.g. Thus, to the extent that the Town believes that our interpretation of the FEMA report is incorrect, it shall have until **Friday, January 20, 2012** to put forth contradictory evidence. If it fails to do so, we will conclude that no disputed issue of material fact exists with regard to Article III, Section 11.5.g and that Applicants are entitled to judgment as a matter of law with regard to their compliance with that section. Thus, unless contradictory evidence is provided, we will **GRANT** judgment for Applicants at that time as to Section 11.5.g compliance.

Although, barring contradictory evidence, Applicants are entitled to judgment as a matter of law that they have complied with Article III, Section 11.5.g, the Regulations contain other criteria that must be satisfied before Applicants can obtain a conditional use permit. The ZBA specifically denied Applicants' request for a conditional use permit, but the ZBA decision appears to only note the deficiency of elevation evidence. See Re: Application for Building/Zoning Permit #009-023, Findings of Fact & Decision (Town of Concord Zoning Bd. of Adjust. Oct. 13, 2010). We are therefore left to wonder whether Applicants satisfied the other conditional use criteria contained in the Regulations. See Art. II, § 7. Accordingly, we direct that the Town advise the Court by **January 20, 2012**, of whether or not it disputes that the pending application conforms to any other conditional use criteria. To the extent the Town asserts that one or more conditional use criteria remain in dispute, the Town shall also, by **January 20, 2012**, identifying what specific criteria are in dispute. If a dispute remains, our trial proceedings will include a determination of whether Applicants have also complied with these additional criteria. If the Town confirms that no criteria remain in dispute, we will render judgment for Applicants that they are entitled to a conditional use permit.

### III. 2008 ANR Letter

Applicants also seek summary judgment on the basis of a 2008 ANR letter directed to the ZA in connection with Applicants' 2008 permit. Applicants allege that this 2008 letter states that Applicants should have been granted a conditional use permit by the Town because they met or exceeded the applicable permit requirements. We do not interpret the ANR letter in the fashion Applicants describe.

First, we note that the Regulations require any applicant who wishes to construct on property within a federally-designated special flood hazard area to submit a copy of their application "to the Vermont Department of Water Resources and Environmental Engineering in accordance with 24 V.S.A. §4409." Regulations, Art. III, § 11.2.b. The ZBA may only issue a building permit for the proposed construction "following receipt of comments from the Department . . . or the expiration of 30 days . . . ." Id. It appears that the 2008 ANR letter was delivered in support of Applicants' prior application so as to comply with Article III, Section 11.2.b. Because both applications concern the construction of the same garage, we understand that the 2008 ANR letter may be relied upon in support of the now pending application. But, the 2008 ANR letter merely provides evidence of conformance with one of the

5

several conditions for flood plain construction found in Regulations, Article III, Section 11; it does not provide an absolute substitute for the requirements Applicants face to obtain a building permit in that or other sections of the Regulations.

By its text, the ANR letter recites the state requirements and concerns for when a town allows construction within a flood plain. The ANR letter's author notes that both the Town Regulations and the regulations administered by the National Flood Insurance Program have a similar pre-condition: when someone wishes to build in a designated flood hazard area, she must offer proof that the lowest point of the proposed structure will be higher than the base flood elevation for the surrounding flood area. In its letter, ANR suggested two options for Applicants to satisfy this requirement: (1) calculate the base flood elevation and verify that the proposed location for their garage was higher; or (2) show that the proposed garage qualified as an accessory structure. Applicants appear to contend that they met or exceeded the requirements to qualify their garage as an accessory structure, and that this, in combination with ANR's letter, proves that they are entitled to a conditional use permit.

However, it is no longer relevant whether the development could qualify as an accessory structure because, since the filing of their motion for summary judgment, Applicants have provided the Court with what it understands to be undisputed evidence of the base flood elevation and the elevation of their proposed garage floor. Accordingly, unless the Town presents the contradictory evidence discussed above, we conclude that Applicants' argument here is also **MOOT**.

IV.     **Reapplying for a Second Permit**

Pursuant to Article VII, Section 2 of the Regulations, once a building permit is issued, all activities authorized by it must be completed within one year of that date. If they are not, "the zoning permit is void for all uncompleted activities and re-application to complete these activities shall be required." Regulations, Art. VII, § 2.

In their motion for summary judgment, Applicants contend that the ZBA improperly required them to apply for a second permit because their garage was not completed within one year of the date the 2008 permit issued. The Town relies upon an affidavit from the ZA, who represents that the garage was not completed within one year. In response, Applicant William Smith filed his own affidavit, in which he states that "[b]y the time the 2nd permit was denied. [sic] The garage was all but completed." (Smith Aff. ¶ 3, filed Nov. 21, 2011). Because this

6

statement does not directly contradict the ZA's representations, and based upon the factual representations presented, we understand that Applicants do not specifically dispute the Town's assertion that their garage was not completed within one year of the date the 2008 permit issued.

However, we need not adjudicate this legal issue here because the doctrine of finality prevents us from doing so. Under 24 V.S.A. § 4472(a), "the exclusive remedy of an interested person with respect to any decision or act taken . . . shall be appeal to the appropriate panel . . . and the appeal to the environmental division from an adverse decision upon such appeal . . . ." Upon the failure to timely appeal, an interested person "shall be bound by that decision or act [of the ZA] . . . and shall not thereafter contest, either directly or indirectly, the decision or act . . . ." 24 V.S.A. § 4472(d). This exclusivity of remedy provision is to be strictly construed. See In re Postma, No. 235-12-04 Vtec, slip. op. at 2 (Vt. Envtl. Ct. Jul. 14, 2005) (Durkin, J.) (citing Town of Sandgate v. Colehamer, 156 Vt. 77, 84 (1990)).

Here, it is undisputed that Applicants did not appeal the ZA's determination that their 2008 permit had expired prior to completion of their garage construction. Accordingly, they are bound by the ZA's determination and cannot now contest it. We therefore **DENY** Applicants' motion for summary judgment on this issue.

## V.     Filing Fee

The remaining argument in Applicants' motion for summary judgment is that Ms. Noble's appeal should be dismissed because she failed to follow the proper procedures in paying her appellate filing fee. In its cross-motion, the Town contends that Ms. Noble's appeal was timely.

Although Applicants cite to 24 V.S.A. § 4471(c) as the provision governing this appeal, that provision controls appeals from a municipal panel to the environmental division. Applicants do not contend that Ms. Noble failed to follow the proper procedures to appeal the ZBA's decision to this Court. Instead, they argue that Ms. Noble did not follow the proper procedures to pay her filing fee in her appeal of the ZA's decision to the ZBA. Thus, the Town is correct in asserting that the applicable statute is 24 V.S.A. § 4465(a), which governs appeals from the ZA to the ZBA. That statutory provision requires that a notice of appeal be filed within 15 days of the date of the ZA's act or decision. 24 V.S.A. § 4465(a).

In support of its cross-motion for partial summary judgment, the Town presented evidence indicating that Ms. Noble filed her appeal and a fee waiver request within two days after the 2009 permit was issued and that she paid the required fee after her request for a fee waiver was denied. Applicants have submitted nothing to contradict these factual allegations. Accordingly, we conclude that Applicants have not supplied the Court with anything to indicate that Ms. Noble improperly paid her filing fee to the ZBA or to dispute the Town's allegation that Ms. Noble properly followed appellate procedures. We therefore **DENY** Applicants' motion for summary judgment on this issue and **GRANT** the Town's cross-motion, concluding as a matter of law that Ms. Noble followed the proper procedural steps to appeal, including those concerning the payment of her filing fee.

## VI.    Applicants' Additional Claims

Applicants' last filing, received by this Court on January 3, 2012 and entitled "Motion for Appeal to be Granted and Award Costs to Plaintiffs [sic]," requests that this Court grant Applicants' permit application and direct that the Town reimburse Applicants for their costs, including their appellate filing fees, permit application fees, postage, photocopy charges, and engineering and survey expenses. We must **DENY** both of these additional requests.

First, although Applicants appear to have presented sufficient and undisputed evidence as to their conformance with Regulations, Article III, Section 11.5.g, by this Decision we are directing the Town to submit evidence contradicting our interpretation of the FEMA documentation, if any, by January 20, 2012. Should the Town choose not to submit such evidence, judgment will be entered in Applicants' favor as to Article III, Section 11.5.g.

Second, we are uncertain from the record before us whether any other conditional use criteria are at issue in the pending application. As discussed above, we are also therefore directing the Town to indicate, also by January 20, 2012, whether it contends that other conditional use criteria are at issue in this appeal. If the Town asserts that other conditional use criteria remain in dispute, our trial proceedings will include a determination of whether Applicants have also complied with these additional criteria. If the Town confirms that no criteria remain in dispute, we will render judgment for Applicants that they are entitled to a conditional use permit.

However, even if we ultimately render judgment for Applicants on this issue, we must still determine whether Applicants are entitled to a building permit; that is if they have met all

of the requirements to obtain a building permit for their proposed garage. For this reason and because we fail to see any basis for awarding Applicants reimbursement of their costs, we specifically **DENY** both of their requests.

From the vantage point enjoyed by this Court, the parties here appear to express an unreasonable degree of animosity toward each other. This appeal concerns the zoning provisions that must be satisfied before a building application may be granted for Applicants' garage. We perceive this to be a fairly straight-forward zoning proceeding. However, for a significant time during and before this appeal, it appears that Applicants had not submitted the evidence necessary to satisfy the one substantive issue in dispute: whether their garage was above or below the base flood elevation. Applicants have now submitted that evidence, and we anticipate that their application may soon be granted. We encourage the parties to take this opportunity to set aside their animosity and look forward to the opportunity to put this litigation, and their dispute, to rest.

## Conclusion

For the reasons detailed above, we:

(1) **DENY** Applicants' motion for summary judgment on the issue of whether the ZBA improperly required them to reapply for a building permit, concluding that the expiration of the 2008 permit was final and cannot be contested before us in this appeal;

(2) **GRANT** the Town's cross-motion for partial summary judgment and **DENY** Applicants' motion for summary judgment on the procedural issue of Ms. Noble's appeal, concluding that she followed the proper appellate procedures as a matter of law;

(3) Determine that because Applicants provided FEMA evidence of what we interpret to be the base flood elevation and the lowest elevation of their property, the following motions are **MOOT**: (a) Applicants' motion in limine; (b) Applicants' motion for summary judgment insofar as it requests that provision of the base flood elevation not be required; (c) the Town's cross-motion for partial summary judgment insofar as it asks the Court to require that Applicants provide evidence of the proposed garage's lowest floor

elevation; and (d) Applicants' motion for summary judgment as it relates to the 2008 ANR letter; and

(4) **DENY** Applicants' requests that the permit application be granted and that the Town reimburse Applicants for the costs associated with this litigation.

The Town has until **January 20, 2012** to provide any evidence contradicting the Court's interpretation of the FEMA material and to detail what additional conditional use criteria, if any, remain in dispute.  The Court will then review this evidence and identify those issues remaining for trial in this appeal of the ZBA's denial of a conditional use permit and building permit for Applicants' proposed garage.

Done at Berlin, Vermont this 9th day of January, 2012.

Thomas S. Durkin,
Environmental Judge